Affirmed and Memorandum Opinion filed January 27, 2004









Affirmed and Memorandum Opinion filed January 27,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01171-CR

____________

 

ALLEN BIVINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 878,715

 



 

M E M O R A N D U M  O P I N I O N

Following the trial court=s denial of his motion to
suppress, appellant pleaded guilty to possession of a controlled substance
weighing at least 400 grams.  By this
appeal, appellant challenges the trial court=s denial of his motion to
suppress.  We affirm.  

Factual and Procedural Background








Deputies Palermo and Clegg initiated a traffic stop after
witnessing appellant commit two traffic violationsCfailure to signal a lane change
and speeding through a construction zone. 
Both Palermo and Clegg were officers with the Harris County Narcotics
Task Force, Organized Crime Division, and Palermo was also a K-9 officer.  At the time of the stop, Palermo=s K-9 partner, Drake, was
traveling with them.  

Palermo, with appellant=s consent, conducted a pat down
search to ensure appellant was unarmed. 
Palermo then requested appellant=s consent to search the
vehicle.  According to Palermo and Clegg,
appellant consented to a search of the vehicle; thereafter, Palermo retrieved
Drake and began an exterior search of the vehicle.  Drake Aalerted@ to the seams of the passenger and  driver doors by
scratching at the door jams.  Palermo
opened the door and allowed Drake to enter the vehicle.  Drake immediately began scratching the floor
board directly in front of the passenger=s side of the front seat.

Appellant testified during the motion to suppress that he
did not give either Palermo or Clegg consent to search his vehicle.  Appellant testified that while he was looking
for his insurance information, one of the deputies was already looking through
his vehicle.  He claims the deputies only
asked for permission to search the trunk, which he freely gave.  Appellant also contends that when Drake was
taken around the perimeter of the vehicle, Drake did not make any Amovements or unusual signals@ toward the vehicle.   

Once Drake alerted to the presence of narcotics, appellant
was arrested and the vehicle was taken to a warehouse owned by the Narcotics
Task Force for a continuation of the search. 
At the warehouse, three and a half kilograms of cocaine were discovered
under the front seat near the passenger side. 
Appellant was indicted for possession with intent to deliver a
controlled substance weighing at least 400 grams.  After the trial court denied appellant=s motion to suppress, appellant
pleaded guilty to a reduced charge of possession of a controlled substance
weighing at least 400 grams, and the court sentenced appellant to ten years= confinement and a $1,000
fine.  In seven issues, appellant
challenges the trial court=s denial of his motion to
suppress.         

 

 








Discussion

We review a trial court=s decision on a motion to
suppress under a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000).  We give almost total
deference to the trial court=s determination of historical
facts supported by the record, especially when those facts are based on
credibility and demeanor.  Id.; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc).  However, we review the court=s application of law to those
facts de novo.  Carmouche, 10 S.W.3d at 327.  When the trial court does not make any
findings of fact, we review the evidence in the light most favorable to the
trial court=s ruling, and we presume the
trial court made findings necessary to support its ruling, as long as the
implied findings are supported by the record. 
Id. at 327B28; Josey
v. State, 981 S.W.2d 831, 837 (Tex. App.CHouston [14th Dist.] 1998, pet.
ref=d).     

In his first point of error, appellant argues the trial
court improperly denied his motion to suppress because the officer=s search exceeded the scope of
consent.  It is well established that
consensual searches are an exception to the constitutional requirements of both
probable cause and a warrant.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (en banc).  The State bears the burden of proving by
clear and convincing evidence that consent was positive and unequivocal and not
obtained through duress or coercion.  Stephenson v. State, 494 S.W.2d 900, 903 (Tex. Crim. App. 1973). 
The validity of consent is a question of fact to be determined from the
totality of the circumstances.  Id.; Guevara v. State, 97 S.W.3d 579, 582 (Tex. Crim. App. 2003). 









The extent of the search is limited by the scope of the
consent given by the suspect.  Simpson
v. State, 29 S.W.3d 324, 330 (Tex. App.CHouston [14th Dist.] 2000, pet.
ref=d).  The scope of consent is determined
objectively; in other words, we determine what the typical, reasonable person
would have understood by the exchange between the suspect and the officer.  Florida v. Jimeno, 500 U.S. 248, 252 (1991); Simpson, 29
S.W.3d at 330.  Unless an officer=s request, or a suspect=s
consent, limits a search to a particular area of the vehicle, a request to
search Athe car@ includes all areas of the
vehicle and excludes none.  Jimeno, 500 U.S. at 252; Simpson, 29 S.W.3d at 330. 
Additionally, a suspect is free to withdraw or limit his consent at any
time.  Jimeno,
500 U.S. at 252; Simpson, 29 S.W.3d at 330.  

In this case, the trial court heard testimony from four
witnesses at the hearing on the motion to suppress: three police officers and
appellant.  Deputies Palermo and Clegg
both testified appellant consented to a full search of his car and did not
limit his consent in any way.  Appellant
admits he voluntarily gave consent, but contends consent was limited to the
trunk of the vehicle only.  According to
appellant, the officer had already searched the interior of the car before ever
asking for consent, so he Aunderstood [Deputy Palermo=s] request to search to
encompass the area that Deputy Palermo had not already looked into.@  Palermo and Clegg denied searching the
vehicle before obtaining consent, and the third officer, Detective Porter, who
was located approximately 700 feet away from the stop, verified  the deputies= version with his visual
account of the interactions between the deputies and appellant.

At a suppression hearing, the trial court is the sole and
exclusive trier of fact and judge of the credibility
of the witnesses and their testimony.  Guevara,
97 S.W.3d at 582; Maxwell, 73 S.W.3d at
281.  A conflict in testimony is best
left for the trial court to resolve as the trier of
fact because it has the ability to observe the demeanor and determine the
veracity of the witnesses.  Stephenson,
494 S.W.2d at 904. 
Thus, in this case, the trial court must have resolved any factual
disputes germane to consent in favor of the State.  Viewing the evidence in support of the trial
court=s implicit finding of consent,
and affording that finding the proper deference, we find appellant gave full
consent to search the vehicle.  Appellant=s first issue is
overruled.  








Since we find full consent was given to the officers, we
find appellant=s consent also extended to the
use of a canine to search his vehicle. 
Appellant had the ability to withdraw or limit his consent once he saw
Palermo retrieve the dog from the vehicle, however, appellant said nothing.  See Jimeno,
500 U.S. at 252; Simpson, 29 S.W.3d at 330.  Appellant=s silence upon seeing the
canine affirmed the broad scope of his consent. 
Once the dog alerted to the door seam, the officers had probable cause
to arrest appellant.  See Tex. Code Crim. Proc. Ann. art.
14.01 (Vernon 1977). 

The evidence presented at the motion to suppress hearing
supports the trial court=s implied finding that
appellant consented to an unrestricted search. 
We afford total deference to that finding.  Because none of appellant=s other evidentiary challenges
vitiate that finding, we do not address them. 
We affirm the judgment of the trial court.  

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed January 27, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P.
47.2(b).