Opinion Issued December 9, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00670-CR




WILLIAM HAROLD DENNY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1165501




MEMORANDUM OPINION
          The trial court convicted appellant, William Harold Denny, of possession of
marihuana, under two ounces. The trial court assessed punishment at ninety days’
confinement, suspended for one year of community supervision. See Tex. Health
& Safety Code Ann. § 481.121 (a), (b)(1) (Vernon 2003). In this appeal, Denny
contends that the trial court erred in denying his motion to suppress evidence obtained
as a result of an illegal search and seizure. We affirm.
Facts
          On March 29, 2003, Texas Game Warden Rick Snitkin responded to a report
by Armand Bayou Nature Center coordinator, Mark Kramer, that he had observed
trespassers on the nature center’s property. Although the property is not marked with
no-trespassing signs, it is enclosed by a gated fence, and the gate area is marked with
purple paint, by law indicating that entry is forbidden.


 Due to frequent trespassing
on the nature center’s property, Kramer authorized Snitkin to issue warnings to any
trespassers, which he keeps on file at the nature center. Upon a second incident of
trespass, authorities may file criminal trespass charges. 
          Pursuant to Kramer’s report, Snitkin drove to the area of the complaint in his
patrol truck, where he encountered Denny and three other individuals with a four-wheeler, about one-half mile into the property. Snitkin inquired if they had
permission to be on the property. Denny answered that neither he, nor anyone in his
group, owned the property but that a man gave them permission to enter the area.


 
Denny could not, however, tell Snitkin the man’s name or where he lived. Denny told
Snitkin that the group entered the property from Denny’s backyard, at a place where
the fence is partially collapsed.
          Upon approaching the group, Snitkin removed the key from the four-wheeler
so that they could not leave. He also extinguished an ignited tire that the group was
burning. He then proceeded to ask for identification and to issue trespass warnings. 
Snitkin requested that Denny remove his hands from his pockets. Denny complied
with the request but, at the same time, he ran away from the officer. Snitkin asked
him to stop and then pursued him about ten feet before bringing him to the ground,
patting him down, and handcuffing him. Snitkin pulled a plastic baggy containing
marihuana and a multicolored pipe out of Denny’s pocket.


 Denny admitted the
substance was marihuana, that it belonged to him, and that the group had smoked it
earlier that day. Snitkin arrested Denny for possession of marihuana. Standard of Review
          In his sole issue on appeal, Denny asserts that the trial court erred in denying
his motion to suppress evidence because the marihuana was obtained as a result of an
illegal search and seizure in violation of the United States and Texas Constitutions. 
See U.S. Const. amend. IV; Tex. Const. art. 1, § 9; see also Tex. Crim. Proc. Code
Ann. § 38.23(a) (Vernon Supp. 2004-2005) (“No evidence obtained by an officer .
. . in violation of any provisions of the Constitution or laws of the State of Texas, or
of the Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.”). 
          In reviewing a trial court’s ruling on a motion to suppress, we apply the
bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). We defer to a trial court’s determination of historical facts, and
review de novo the trial court’s application of the law of search and seizure. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing Guzman, 955
S.W.2d at 88-89); see also Guevara v. State, 97 S.W.3d 579, 582 (Tex. Crim. App.
2003) (almost total deference is given to a trial court’s determination of facts and the
trial court’s application of law is reviewed de novo). If the issue involves the
credibility of a witness, we defer to a trial court’s ruling, as a trial court is in a better
position to evaluate the credibility of witnesses before it. Guzman, 955 S.W.2d at 87-89; see also Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002) (ruling
that at suppression hearing, trial judge is sole trier of fact and judge of credibility of
witnesses and weight of their testimony). The reviewing court may not disturb
supported findings of fact absent an abuse of discretion. State v. Ballard, 987 S.W.2d
889, 892 (Tex. Crim. App. 1999). If the trial court is called upon to apply the law to
the facts, and the ultimate resolution of the issue does not turn on an evaluation of
credibility and demeanor of a witness, we review that issue de novo. Guzman, 955
S.W.2d at 89. Reasonable Suspicion to Detain
          In order to detain a person for investigation “[a] peace officer must have
specific and articulable facts which, in light of his experience and personal
knowledge, taken together with rational inferences from these facts, would reasonably
warrant intrusion.” Livingston v. State, 739 S.W.2d 311, 326 (Tex. Crim. App. 1987);
see also Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968). A temporary
detention, however, is not permissible unless the officer has a reasonable suspicion
that the person detained “actually is, has been, or soon will be engaged in criminal
activity.” Crockett v. State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991). After
reviewing the record, we conclude that Snitkin had a reasonable suspicion to detain
and probable cause to arrest Denny for both criminal trespass and illegal burning. 
Criminal Trespass
          Denny contends that Snitkin did not have reasonable suspicion to detain him. 
The State responds that Snitkin was properly investigating Kramer’s report of
criminal trespass. We defer to the trial court’s finding that although Snitkin only
intended to issue warnings to the group, he had the authority to arrest them for
criminal trespass. See Tex. Pen. Code. Ann. § 30.05(a) (“A person commits criminal
trespass if he enters or remains on or in property . . . of another without effective
consent . . . and he had notice that the entry was forbidden; or received notice to
depart but failed to do so.”). The fact that Snitkin found Denny on another person’s
property gave Snitkin reasonable suspicion to detain and arrest him for criminal
trespassing. 
Burning Tire 
          The trial court also found that Denny and his friends illegally burned a tire in
violation of the Texas Clean Air Act. See 30 Tex. Admin. Code § 111.201 (2004)
(prohibiting outdoor burning within the State of Texas unless an exception applies);
see also Tex. Admin. Code § 111.219(7) (2004) (stating that “items containing
natural or synthetic rubber must not be burned”).


 The trial court further found that
the burning the tire gave Snitkin reasonable suspicion to detain, and probable cause
to investigate and arrest Denny and his friends because they were committing an
offense “in his presence or within his view.” Tex. Crim. Proc. Code Ann. art.
14.01(b) (Vernon 1977). If Snitkin chose to arrest Denny for violating the Clean Air
Act, he would have been authorized to search Denny incident to that arrest. See Tex.
Crim. Proc. Code Ann. art. 59.03(b)(4) (Vernon Supp. 2004-2005) (allowing officer
to seize property without warrant if seizure was incident to lawful arrest or lawful
search incident to arrest); see also Chimel v. California, 395 U.S. 752, 762-63, 89 S.
Ct. 2034 (permitting officer, incident to arrest, to search defendant, or areas within
defendant’s immediate control to seize weapons, or prevent concealment or
destruction of evidence).Probable Cause to Arrest
           Once Snitkin detained Denny based upon a reasonable suspicion, probable
cause then existed for Snitkin to arrest Denny for fleeing the area after Snitkin asked
him to remove his hands from his pockets. Snitkin properly searched Denny incident
to that arrest. See Ballard, 987 S.W.2d at 891-92 (once officer has probable cause
to arrest, he may search vehicle incident to arrest); see also Chimel v. California, 395
U.S. 752, 762-63, 89 S. Ct. 2034, 2039-40 (1969) (permitting officer, incident to 
arrest, to search defendant, or areas within defendant’s immediate control).
          “A person commits an offense if he intentionally flees from a person he knows
is a peace officer attempting lawfully to arrest or detain him.” Tex. Pen. Code Ann.
§ 38.04(a) (Vernon 2003). The trial court found that Snitkin, a duly organized peace
officer under the laws of Texas, lawfully detained Denny and his friends while he
investigated the criminal trespass complaint and the illegal burning of the tire. 
“When an officer is justifiably investigating a situation that aroused his articulable
suspicions, he is entitled to proceed in a manner that minimizes his personal risk.” 
Simpson v. State, 668 S.W.2d 915, 918 (Tex. App.—Houston [1st Dist.] 1984, no
pet.). Snitkin requested that Denny remove his hands from his pockets for officer’s
safety. Denny testified at trial that he ran from the scene, even though he knew he
was not supposed to, because he did not want to get caught with the marihuana in his
pocket. The trial court found that Snitkin had to take assertive action in response; he
pursued Denny, caught him, patted him down, and handcuffed him. 
          Denny’s act of fleeing raised Snitkin’s suspicion and is sufficiently
distinguishable from that of innocent people under the same circumstances. See
Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997). Denny’s friends did not
attempt to flee, and set Denny apart from them. Id. Two of the individuals present
during Denny’s arrest testified that they knew they were being detained by Snitkin,
and they knew they could not leave.
          Pursuant to the Fourth Amendment of the United States Constitution a
warrantless search of a person or property is “per se unreasonable subject to a ‘few
specifically defined and well established exceptions.’” McGee v. State, 105 S.W.3d
609, 615 (Tex. Crim. App. 2003) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372
(1993) (holding that search incident to arrest is among the exceptions)). A search
incident to arrest permits an officer to search a defendant, or areas within the
defendant’s immediate control in order to remove any weapons or to prevent the
concealment or destruction of evidence. Chimel, 395 U.S. at 762-63. Denny’s pocket
is an area within his immediate control, and therefore within the permissible scope
of a search incident to arrest. We conclude that attempting to flee the area gave
Snitkin probable cause to arrest Denny, and thus entitled him to search Denny’s
pockets incident to the arrest. Id.; Simpson, 668 S.W.2d at 918.  
          Property may be seized by any peace officer without a warrant “if the seizure
was incident to a lawful arrest . . . or lawful search incident to arrest.” Tex. Crim.
Proc. Code Ann. § 59.03(c)(4) (Vernon Supp. 2004-2005). Denny asserts that he
was not formally arrested when Snitkin searched his pockets and therefore the search
and subsequent seizure was illegal. This assertion, however, fails because probable
cause existed for Snitkin to arrest Denny for fleeing. Tex. Pen. Code Ann. §
38.04(a) (Vernon 2003); see also Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim.
App. 1986) (citing Rawlings v. Kentucky, 448 U.S. 98, 111 (1980) (ruling that it is
irrelevant that search incident to arrest preceded the formal custodial arrest by a few
moments because police had probable cause for arrest)). Probable cause existed for
a lawful arrest for fleeing. The search of Denny’s pockets, and the subsequent seizure
of the marihuana was incident to Denny’s arrest. We therefore conclude that the trial
court properly denied Denny’s motion to suppress.Conclusion
          We conclude that the record supports the findings of fact made by the trial
court that Snitkin’s discovery of the marihuana was incident to a lawful arrest. Thus,
the trial court did not abuse its discretion in denying Denny’s motion to suppress. 
We therefore affirm the judgment of the trial court.                                           
 
 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).