Opinion issued March 23, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00460-CR




JOHNNY WILLIAM RAWLS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 971299


 
MEMORANDUM OPINION

          A jury convicted appellant, Johnny William Rawls, of aggravated sexual assault
of a child. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2005). The trial court
assessed punishment at seven years in prison. We determine whether appellant
preserved his complaint that the trial court erred in allowing testimony, during the
guilt–innocence stage of the trial, about the impact of his conduct on the
complainant’s life and her mental health. We affirm. 
 Factual Background

          For approximately one year, A.G., who was 10 years old, lived with her mother,
Angelique Cherry, and appellant, Cherry’s boyfriend. During that time, appellant
sexually assaulted A.G. numerous times. 
          At trial, Cherry testified about changes in A.G.’s behavior after the sexual
assault. For example, A.G. threatened Cherry with a knife, was admitted to a
psychiatric hospital because she was suicidal, skipped school, slept with older men,
and stole money. In addition, Cherry testified that, at the time of trial, A.G. was
having nightmares about appellant’s sexually assaulting her. A.G. also testified about
her admission to the psychiatric hospital and her nightmares. 
Failure to Preserve Error
          In his sole point of error, appellant argues that “[t]he trial court erred in
allowing extensive testimony during the guilt stage of the trial about the impact of the
alleged conduct on [A.G.’s] life and her mental health.” Specifically, appellant argues
that testimony by Cherry and A.G. constituted victim-impact evidence, as described
in Cantu v. State, and was, therefore, irrelevant and inadmissible. See Cantu v. State,
939 S.W.2d 627, 635-38 (Tex. Crim. App. 1997). The State argues that appellant
failed to preserve this challenge for appeal. 
          Testimony about the results of an attack on a victim is inadmissible at the
guilt–innocence phase of a trial, because such testimony has no tendency to make
more or less probable the existence of any fact of consequence at that stage of the
proceedings. Stavinoha v. State, 808 S.W.2d 76, 78 (Tex. Crim. App. 1991). 
However, rule 33.1 of the Rules of Appellate Procedure requires that a party have
“state[d] the ground for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the complaint.” Tex.
R. App. P. 33.1(a)(1)(A). Appellant’s point of error on appeal must comport with his
objection at trial. See Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003)
(holding that appellant failed to preserve any error regarding victim-impact evidence’s
admission because his objection at trial did not comport with complaint raised on
appeal). Generally, a party’s failure timely and specifically to object at the trial-court
level waives error. Tex. R. App. P. 33.1; Blue v. State, 41 S.W.3d 129, 131 (Tex.
Crim. App. 2000). An accused may waive even constitutional rights. Saldano v.
State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). 
 
          At trial, the State questioned Cherry about A.G.’s behavior after the alleged
incident, including violence towards her mother and two visits to a psychiatric
hospital. Appellant objected to the State’s questioning of Cherry as being leading:
[STATE]: Now, you said you didn’t believe your
daughter at that point in time. How did your
relationship with your daughter turn after you
didn’t go to that meeting at the Children’s
Assessment Center.
 
[APPELLANT]: I want to object, Your Honor, as
leading.
                    . . .
                    [THE COURT]:    Objection overruled. 
Furthermore, when A.G. took the stand, the State questioned her about how
appellant’s sexual abuse had affected her life. Appellant did not object to A.G.’s
testimony. 
          Appellant did not object to either Cherry or A.G.’s testimony as being irrelevant
or prejudicial, which is his complaint on appeal. Thus, the claimed error is waived. 
 See Tex. R. App. P. 33.1; Guevara v. State, 97 S.W.3d at 583.
          We overrule appellant’s sole point of error.
 
 
 
                                                               Conclusion
          We affirm the judgment of the trial court.
                                                                                                                                     Tim Taft
                                                             Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).