Opinion issued July 20, 2006






     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00867-CR




ANTONIO ONEICMO TOVAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 925589




CONCURRING OPINION

          The majority errs in concluding that because appellant inquired “into part of
the contents of complainant’s statement that was recorded on videotape,” the entire
“statement was admissible under the rule of optional completeness so that the
conversation between complainant and the interviewer could be fully understood.” 
However, because appellant’s point of error on appeal does not comport with his
objection at trial, I concur only in the judgment of the court.
Optional Completeness
          The rule of optional completeness provides, in pertinent part: 
When part of an act, declaration, conversation, writing or recorded
statement is given in evidence by one party, the whole on the same
subject may be inquired into by the other, and any other act,
declaration, writing or recorded statement which is necessary to make
it fully understood or to explain the same may also be given in evidence,
as when a letter is read, all letters on the same subject between the same
parties may be given.

Tex. R. Evid. 107 (emphasis added). Rule 107 “does not . . . permit the introduction
of other similar, but inadmissible, evidence unless it is truly necessary to explain
properly admitted evidence.” Cathleen Cochran, Texas Rules of Evidence
Handbook, art. I, at 93 (6th ed. 2005) (emphasis added). Also, “the rule is not
invoked by the mere reference to a document, statement, or act; rather, a portion of
the matter must ‘be given’ in evidence before the rule permits the admission of other
portions of that evidence.” Id. (citing Goldberg v. State, 95 S.W.3d 345, 386–87
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)). Moreover, “the rule does not
permit a party to offer an entire recorded interview, a diary, or other voluminous
material into evidence if the witness responds negatively when questioned about
whether that recording, diary, or statement contains certain information.” Id. at 93
(emphasis added). 
          The majority holds that the trial court did not err in admitting the entire
videotaped interview of the complainant based on the following exchange between
defense counsel and the complainant: 
[Defense Counsel]: Do you remember telling the social worker
that Mr. Tovar—or—had actually put his
finger in your vagina?
 
[Complainant]: No, I don’t remember. 
 
. . . .
[Defense Counsel]: Okay. Do you recall going some place and
talking with some lady about what happened? 
It would have been a few days later, about 10
days after you went to the doctor.
 
[Complainant]: Yes.
 
[Defense Counsel]: Okay. Do you remember telling that lady that
when this attack—or when this incident
happened, that Brittany was in the room with
you?
 
[Complainant]: No.
 
          [Defense Counsel]:          You don’t remember saying that at all? 
 
          [Complainant]:                No.
 
[Defense Counsel]: Okay. Do you remember telling that lady that
you didn’t know if Mr. Tovar had actually put
his penis inside your vagina?
 
[State]: Objection to improper impeachment.
 
[Trial Court]: Overruled. You may ask that.
 
[Defense Counsel]: Do you recall?
 
[Complainant]: No.
 
[Defense Counsel]: Do you remember talking with that lady? 
And if you don’t remember, that’s fine. Do
you remember much of the conversation or
not?
 
[Complainant]: No.

(Emphasis added.)
          Here, it is readily apparent that defense counsel did not elicit any evidence
from the complainant about specific statements that she made in the interview. When
asked if she remembered or recalled the above statements, the complainant clearly
stated that she did not. Because defense counsel did not introduce any evidence of
the substance of the complainant’s previous statements, there was, in fact, nothing for
the State to make “fully understood” or to “explain” in the complainant’s videotaped
interview. The above testimony in no way invokes Rule 107, and the majority errs
in concluding otherwise.
Error Preservation
          On appeal, appellant summarizes his argument as follows:
Admission of the complainant’s videotaped testimony violated [article]
38.071 of the Texas Code of Criminal Procedure, which permits the
admission of a child under thirteen’s videotaped testimony if the child
is unavailable to testify. In this case, [the complainant] was available
and did actually testify at trial. The court improperly admitted the video
tape testimony over Tovar’s objection.

See Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon 2005). Also, appellant argues

that the statement was hearsay and was not admissible as a “prior consistent
statement.” See Tex. R. Evid. 613(c), 801(e)(1)(B).
          However, as noted by the majority, when the State offered into evidence the
videotaped interview of the complainant, the following exchange occurred:
 [State]: Since he was able to go into and get
inconsistent statements of the videotape, I
believe he has opened the door to my putting
the videotape on for prior consistent
statements.
 
[Trial Court]: I think that’s probably true. Do you want to
be heard on that, Mr. McCoy?
 
[Defense Counsel]: Your honor, I don’t think I have opened the
door; but, I’m not going to make—I will just
object to it for the record and let you rule.
          Nothing in appellant’s general objection “for the record” apprised the trial
court of the complaints that appellant now asserts on appeal, i.e., that the videotaped
statement was hearsay and its admission violated article 38.071. He did not state the
grounds for the ruling that he sought from the trial court with sufficient specificity to
make the trial court aware of the complaints, and they are not apparent from the
context in the above-quoted exchange. See Tex. R. App. P. 33.1(a)(1)(A). An
appellant’s point of error on appeal must comport with his objection at trial. Guevara
v. State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003). Thus, I would hold that
appellant has failed to preserve error regarding the admission of the videotaped
interview because his objection at trial does not comport with his complaints now
raised on appeal. See id. 
Conclusion
          Having concluded that appellant has failed to preserve error regarding the
admission of the videotaped interview, I would affirm the judgment of the trial court. 
Accordingly, I concur only in the judgment of the Court.
 
 

                                                                        Terry Jennings
                                                                        Justice
Panel consists of Justices Nuchia, Jennings, and Alcala.
Justice Jennings, concurring in the judgment.
Publish. Tex. R. App. P. 47.2(b).