NO. 07-08-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 30, 2008
______________________________

DONNA MARIE GARRETT a/k/a DONNA GARRETT 
                                                     a/k/a DONNA O’NEILL 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. 9803; HON. RALPH H. WALTON, JR., PRESIDING
_______________________________

Memorandum Opinion
________________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Donna Marie Garrett appeals her felony conviction for driving while intoxicated and
the resulting sentence of twenty years imprisonment. The conviction was based upon her
plea of guilty; however, punishment was tried to a jury. Appellant argues before us that the 
the trial court erred in admitting certain evidence and that she received ineffective
assistance of counsel. We disagree and affirm the judgment. 
          Issue 1 - Admission of Evidence
          Appellant was involved in a single vehicle accident after which she was taken to the
hospital and later arrested for driving while intoxicated. Through her first issue, she
complains of the trial court’s admission into evidence of 1) hearsay testimony as to the
observations of the lone accident witness, 2) an aerial photograph of the accident site, and
3) testimony regarding appellant’s demeanor and conduct at the hospital. We overrule the
issue.
          We consider the matter of the aerial photograph first and note that appellant did not
object to its admission for demonstrative purposes. Moreover, the State used it to
demonstrate where the accident occurred. Furthermore, appellant does not argue that it
was used for other than that demonstrative purpose. So, we are unable to see how there
was error when the exhibit was used for the purpose appellant approved. And, to the
extent that she now suggests that it was cumulative and prejudicial, those grounds were
not asserted at trial as a basis for excluding it. Thus, they were waived. See Guevara v.
State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (the objection on appeal must comport
with that made to the trial court). 
          As for the testimony regarding her demeanor and actions at the hospital, appellant
objected when the officer proffered it. However, the record fails to disclose that she again
objected when the same evidence was proffered through one of the hospital nurses.
Neither did we find a request for a running objection when the testimony was first offered;
nor did any party cite us to any portion of the record where such a request could be found. 
So, this alleged error was waived. Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App.
2003) (stating that when the same evidence is admitted without objection elsewhere, any
error is waived).
          Finally, assuming arguendo that the trial court erred in admitting the purported
hearsay evidence, we find the error harmless. Simply put, we cannot say that it affected
the jury’s decision when the entire record is viewed. While it may be that appellant was
sentenced to twenty years in prison, this was not her first conviction. The jury heard about
her two prior convictions for the same offense, i.e. driving while intoxicated. So too was
it told of her felony conviction for theft. Evidence that she had previously “jumped bail” was
also admitted as was evidence of other instances in which she either drove or appeared
in public places while intoxicated. Given this, we can only say that any impact the hearsay
evidence had on the final outcome was de minimis.



          Issue 2 - Ineffective Assistance of Counsel
          In her second issue, appellant claims she received ineffective assistance of counsel
because her trial attorney failed to make an opening statement. We overrule the issue.
          While a defendant may have a right to make an opening statement as appellant
argues, foregoing that right does not necessarily equate to ineffective assistance; this is
so because the decision may be a tactical one. Calderon v. State, 950 S.W.2d 121, 127-28 (Tex. App.–El Paso 1997, no pet.); Taylor v. State, 947 S.W.2d 698, 704 (Tex. App.–
Fort Worth 1997, pet. ref’d). And, while appellant argues that her counsel simply forgot to
make such an argument, that is not “firmly established” in the record. See Bone v. State, 
77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (holding that the ineffective assistance must
be “firmly established” by the record). Indeed, the record does not disclose why counsel
did not make the argument; he could well have determined it to be unnecessary. See
Calderon v. State, 950 S.W.2d at 127-28. So, without evidence illustrating that the
decision was not the result of trial strategy, we cannot say that counsel’s performance was
deficient.
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Per Curiam
 
Do not publish.