NO. 07-08-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 30, 2008
_____

DONNA MARIE GARRETT a/k/a DONNA GARRETT
a/k/a DONNA O'NEILL

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. 9803; HON. RALPH H. WALTON, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Donna Marie Garrett appeals her felony conviction for driving while intoxicated and the resulting sentence of twenty years imprisonment. The conviction was based upon her plea of guilty; however, punishment was tried to a jury. Appellant argues before us that the the trial court erred in admitting certain evidence and that she received ineffective assistance of counsel. We disagree and affirm the judgment.

*Issue 1 - Admission of Evidence*

Appellant was involved in a single vehicle accident after which she was taken to the hospital and later arrested for driving while intoxicated. Through her first issue, she complains of the trial court's admission into evidence of 1) hearsay testimony as to the observations of the lone accident witness, 2) an aerial photograph of the accident site, and 3) testimony regarding appellant's demeanor and conduct at the hospital. We overrule the issue.

We consider the matter of the aerial photograph first and note that appellant did not object to its admission for demonstrative purposes. Moreover, the State used it to demonstrate where the accident occurred. Furthermore, appellant does not argue that it was used for other than that demonstrative purpose. So, we are unable to see how there was error when the exhibit was used for the purpose appellant approved. And, to the extent that she now suggests that it was cumulative and prejudicial, those grounds were not asserted at trial as a basis for excluding it. Thus, they were waived. *See Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (the objection on appeal must comport with that made to the trial court).

As for the testimony regarding her demeanor and actions at the hospital, appellant objected when the officer proffered it. However, the record fails to disclose that she again objected when the same evidence was proffered through one of the hospital nurses. Neither did we find a request for a running objection when the testimony was first offered; nor did any party cite us to any portion of the record where such a request could be found. So, this alleged error was waived. *Valle v. State,* 109 S.W.3d 500, 509 (Tex. Crim. App.

2

2003) (stating that when the same evidence is admitted without objection elsewhere, any error is waived).

Finally, assuming *arguendo* that the trial court erred in admitting the purported hearsay evidence, we find the error harmless. Simply put, we cannot say that it affected the jury's decision when the entire record is viewed. While it may be that appellant was sentenced to twenty years in prison, this was not her first conviction. The jury heard about her two prior convictions for the same offense, *i.e.* driving while intoxicated. So too was it told of her felony conviction for theft. Evidence that she had previously "jumped bail" was also admitted as was evidence of other instances in which she either drove or appeared in public places while intoxicated. Given this, we can only say that any impact the hearsay evidence had on the final outcome was *de minimis.*[1]

*Issue 2 - Ineffective Assistance of Counsel*

In her second issue, appellant claims she received ineffective assistance of counsel because her trial attorney failed to make an opening statement. We overrule the issue.

While a defendant may have a right to make an opening statement as appellant argues, foregoing that right does not necessarily equate to ineffective assistance; this is so because the decision may be a tactical one. *Calderon v. State,* 950 S.W.2d 121, 127-28 (Tex. App.–El Paso 1997, no pet.); *Taylor v. State,* 947 S.W.2d 698, 704 (Tex. App.–Fort Worth 1997, pet. ref'd). And, while appellant argues that her counsel simply forgot to make such an argument, that is not "firmly established" in the record. *See Bone v. State*,

---

[1]The hearsay consisted of a statement that appellant's vehicle had run off the road into a pipe fence, that the witness observed the odor of alcohol on her, and that she was trying to leave the scene by getting someone to come pick her up.

77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (holding that the ineffective assistance must be "firmly established" by the record). Indeed, the record does not disclose why counsel did not make the argument; he could well have determined it to be unnecessary. *See Calderon v. State,* 950 S.W.2d at 127-28. So, without evidence illustrating that the decision was not the result of trial strategy, we cannot say that counsel's performance was deficient.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.