NO. 07-11-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 24, 2013
_____

STEVE MONTRELL WILLIAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 19TH DISTRICT COURT OF MCLENNAN COUNTY;

NO. 2011-270-C1; HONORABLE RALPH T. STROTHER, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

In this appeal, Steve Montrell Williams challenges his conviction of aggravated robbery by contending the trial court erred in 1) overruling his objection to the State's closing argument, 2) admitting the victim's knowledge of other persons who have had stores robbed, and 3) admitting evidence of a comment made by appellant's mother. We affirm the judgment.

*Closing Argument*

On December 7, 2010, appellant and Arrick Mathews robbed at gunpoint a liquor store in Waco owned by Sophorn Meas and her husband. During closing argument, the prosecutor made the following statement:

> . . . [I]f we can't convince a jury, 12 people, to find this defendant guilty of aggravated robbery, then we might as well go back to our office and just dismiss all the robberies we have. And you-all know, if you-all read the paper and you watch TV, there has been a lot of them lately. This case is just as good as any of them. If we can't get this one, then we might as well get rid of all of them, because the evidence points - -

At that point, appellant objected to "that line of questioning . . ., get rid of all the other cases" because they were "talking about one particular case, and that's an inappropriate argument to make." The court overruled the objection. Appellant contends on appeal that the argument is improper because 1) "it pressured the jurors to believe that the State would be forced to dismiss other robbery cases if they acquitted Williams in this case," and 2) it referred to unproved extraneous offenses. We overrule the issue.

To preserve error, a complaint must be made to the trial court by a timely request, objection, or motion that states the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1). Moreover, the grounds urged on appeal must comport with those made at trial. *Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003); *Williams v. State*, 191 S.W.3d 242, 255 (Tex. App.–Austin 2006, no pet.) (holding that when a complaint on appeal does not comport with that made at trial, error is not preserved).

Here, appellant objected at trial on the basis that the argument was "inappropriate," but he failed to identify in what manner it was so. He said nothing about

the argument having the effect of pressuring the jurors to render a guilty verdict to prevent other robbery cases from being dismissed. Nor did he contend that the prosecutor was interjecting evidence outside of the record. Thus, the grounds urged below do not comport with those made here. And, because he did not afford the trial court an opportunity to consider them, they were waived.

Yet, even if the objection was preserved, the State made no reference to appellant being involved in any of the other purported robberies. Instead, one could interpret the comment as the State pleading for law enforcement. That is, it had proved the elements of the crime, according to the prosecutor. But, if the jury opted to acquit, there would be no reason to prosecute such crimes in the future. So, the jury should enforce the law prohibiting robberies by convicting appellant, or so the argument would go. And, as a plea for law enforcement, it was a permissible closing argument. *Freeman v. State,* 340 S.W.3d 717, 729 (Tex. Crim. App. 2011), *cert. denied,* __ U.S. __, 132 S.Ct. 1099, 181 L.Ed.2d 986 (2012) (stating that the State may argue that juries should deter certain crimes by their verdicts).

*Admission of Evidence – Knowledge of Other Store Owners Being Robbed and Killed*

Next, appellant complains of the trial court's decision to admit evidence from the complainant, Meas, regarding robberies resulting in the shooting of an acquaintance who also ran a store. Allegedly, it was irrelevant.[1] We overrule the issue.

The State was required to prove that appellant intentionally or knowingly threatened or placed Meas in fear of imminent bodily injury or death. *See* TEX. PENAL

---

[1]The State asserted the evidence was admissible at trial to show why Meas would be reluctant to assist police. Nevertheless, we may uphold the trial court's ruling on any theory applicable to the case. *Martinez v. State,* 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

3

CODE ANN. § 29.02(a)(2) (West 2011). Her testimony that she had a friend who had been robbed several times and then killed in the last robbery could be reasonably construed as relevant to the element of fearing death or bodily injury. In other words, she was aware of like circumstances resulting in the death of another store owner. So, she had basis to fear bodily injury or death. At the very least, we cannot say that such an interpretation of the evidence would fall outside the zone of reasonable disagreement. *See Walters v. State,* 247 S.W.3d 204, 217 (Tex. Crim. App. 2007) (stating that a trial court errs in admitting evidence when the ruling constitutes an abuse of discretion and it so constitutes an abuse when it falls outside the zone of reasonable disagreement). Thus, we cannot say that the trial court erred in overruling the objection.

To the extent that appellant suggests that the evidence was prejudicial, he did not object to its admission below on the basis of Texas Rule of Evidence 403. So, the matter was not preserved for review. *See Williams v. State, supra.*

*Admission of Evidence – Comment by Appellant's Mother*

The second instance of the alleged improper admission of evidence involved a comment made by appellant's mother. Defense counsel asked the investigating detective about a conversation with that person. The conversation consisted of appellant's mother being told that her son was wanted for questioning about a robbery, and the witness testified that appellant's mother ". . . seemed like she already knew that, the way she responded." Thereafter, the State asked the witness about what the mother said to lead her to that opinion. Though appellant objected to the question since it purportedly solicited hearsay, the trial court allowed the witness to answer. And, in

4

answering, the witness disclosed that the mother said: "Thank God he's over 19 years old. What has he done now? I am his mother."

It is reasonably debatable whether appellant opened the door to the testimony about which he now objects. His line of questioning resulted in the witness alluding to what the mother said. The State simply asked the witness to finish what appellant began. But that is not something we need to decide. Instead, the utterance could be viewed as indicative of the mother's state of mind in response to or her emotion (*i.e.* frustration) arising from her being told that the police wanted to talk to her son. *See* TEX. R. EVID. 803(3) (describing the hearsay exception to consist of a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition . . . but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will)." At the very least, so construing the declaration would fall within the zone of reasonable disagreement. More importantly, no limiting instruction restricting the jury's consideration of the statement to that purpose was sought by appellant; thus, the jury was free to use it as it cared to. *Wesbrook v. State,* 29 S.W.3d 103, 114 n.8 (Tex. Crim. App. 2000) (so holding).

Accordingly, appellant's issues are overruled, and the judgment is affirmed.


Brian Quinn

Chief Justice

Do not publish.


5