# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00501-CR

Steven Keller, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-11-904092, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## MEMORANDUM OPINION

A jury convicted appellant Steven Lawrence Keller of aggravated robbery. *See* Tex. Penal Code § 29.03. In accordance with the jury's punishment verdict, the trial court sentenced appellant to imprisonment of forty-five years. On appeal, appellant contends that the trial court committed reversible error when it granted a subpoena for a non-material witness and then granted the State's oral motion for continuance. Because we conclude that appellant has failed to preserve his issue on appeal, we affirm.[1]

---

[1] Because appellant does not challenge the sufficiency of the evidence to support his conviction, we provide only a general overview of the facts of the case. *See King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997); *see also* Tex. R. App. P. 47.4 (authorizing memorandum opinions to be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

## BACKGROUND

A robbery occurred in May 2011 that was captured on video. The victim was struck from behind and injured, and the victim's purse was stolen. Witnesses identified appellant as the man fleeing with the victim's purse and the perpetrator in the video.

The trial on the merits was set for May 2012. After a jury was selected but before the jury was sworn, the trial court granted the State's oral motion for a continuance based on the failure of appellant's father to appear for the trial. Appellant's father, an Arizona resident, was subject to an Arizona order for him to appear at the trial as an out-of-state witness pursuant to the Uniform Act to Secure Attendance of Witnesses from Without the State in Criminal Proceedings. *See* Tex. Code Crim. Proc. art. 24.28. Based on a request by the State, the trial court entered a certification requesting attendance of appellant's father at the trial.[2] After appellant's father was served with a copy of the trial court's certificate and an order from the Arizona court to show cause why he should not be ordered to appear in Austin, appellant's father waived a hearing before the Arizona court, and the Arizona court ordered him to appear for the May trial setting. Appellant's father, however, did not appear.

About one week after the trial court granted the State's motion for a continuance, appellant's father filed a motion to quash or deny issuance of subpoena, contending that he should not have been ordered to appear at the May trial setting, that he should not be ordered to appear

---

[2] In the certificate, the trial court requested attendance of appellant's father because he was a "material and necessary witness in said criminal proceeding in that he has knowledge that would enable him to identify the defendant as the individual who committed the robbery."

again, and that he was not a material or necessary witness because identity was not an issue. After a hearing, the trial court found that appellant's father was "a material and necessary witness."

The trial occurred in June 2012. Appellant's father, as well as several other witnesses, testified and identified appellant as the perpetrator on the video. The jury found appellant guilty of aggravated robbery. During the punishment phase, appellant testified and admitted that he committed the robbery. The jury assessed punishment of forty-five years' imprisonment, and the trial court rendered judgment in accordance with the jury's verdict. This appeal followed.

## ANALYSIS

In one issue, appellant contends that his rights were violated and that the trial court committed reversible error when it granted a subpoena for a non-material witness and then granted the State's oral motion for continuance. Appellant contends that his father was an immaterial witness because his testimony duplicated other available witnesses' testimony, *see id*. art. 24.28, § 4(a) (requiring person to be "material witness"), and that the State's oral motion for continuance was insufficient because it was not in writing or sworn. *See id*. arts. 29.03, .08 (requiring motion for continuance to be in writing and sworn). Appellant further urges that his father's unavailability was not a sufficient reason to continue the trial pursuant to article 29.13 of the Texas Code of Criminal Procedure. *See id.* art. 29.13 (describing when continuance allowed after trial begun).

The State urges that appellant has not preserved his issue for appeal. To preserve an issue for appeal, an appellant must make the complaint to the trial court "by a timely request, objection, or motion . . . with sufficient specificity to make the trial court aware of the complaint,

3

unless the specific grounds were apparent from the context." *See* Tex. R. App. P. 33.1(a)(1). The complaint on appeal must comport with the complaint made to the trial court. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding appellant failed to preserve any error "because the objection at trial [did] not comport with the complaint raised on appeal").

In response to the State's motion for continuance, appellant's only response was: "We oppose the State's motion for continuance and wish to proceed with trial." Appellant did not make the complaints to the trial court that he now makes on appeal as to the motion for continuance. *See* Tex. R. App. P. 33.1(a)(1); *Guevara*, 97 S.W.3d at 583. The record similarly does not reflect any complaint as to the subpoena of appellant's father before the trial court granted the motion for continuance. *See* Tex. R. App. P. 33.1(a)(1) (requiring complaint to be timely). Prior to the May trial setting, appellant's father was served with the trial court's certificate for his attendance and the Arizona court's show cause order, he waived a show cause hearing before the Arizona court, and the Arizona court ordered him to appear for the May trial setting.[3]

Accordingly, because appellant did not raise the grounds that he raises on appeal to the trial court "by a timely request, objection, or motion," he has failed to preserve his issue for appeal and has waived any error. *See id.*

---

[3] To the extent appellant relies on his father's motion to quash or deny issuance of subpoena to support his issue on appeal, the motion was filed after the trial court had already granted the motion for continuance, and his father sought to quash or deny the issuance of a subpoena for the June trial setting.

**CONCLUSION**

For this reason, we overrule appellant's issue and affirm the judgment of conviction.


_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   August 6, 2014

Do Not Publish