**AFFIRMED, and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00985-CR

**OCZAVEONE JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F-1260601-X**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Oczaveone Jackson appeals his conviction for aggravated robbery with a deadly weapon.

After the jury found him guilty of the charged offense, the trial court assessed punishment at life

in prison. In a single point of error, Jackson contends the trial court abused its discretion by

admitting certain evidence during punishment. We affirm the trial court's judgment.

On September 22, 2012, appellant robbed and shot the complainant, James Boyd, at a

Red Roof Inn in Dallas. Boyd identified appellant in court as the man who robbed and shot him.

The two women who were with appellant that night each testified he robbed and shot Boyd. In

addition, the State offered appellant's video-taped statement in which he admitted he robbed and

shot Boyd. After hearing this and other evidence, the jury found appellant guilty.

During punishment, the State introduced photographs of appellant's tattoos. Detective

Greg Cerasco of the Dallas Police Department identified fourteen photographs of appellant and

noted details of the tattoos that indicated appellant was a member of a gang. Cerasco also said several of appellant's tattoos were consistent with tattoos belonging to members of the Park Row Posse, a subset of the Crips gang located in South Dallas. When Cerasco began detailing the history of an alliance between Crips and Bloods beginning in 2008, appellant's trial counsel stated, "[w]e object to this testimony in that it's not relevant to 2014." Although the trial court overruled the objection, appellant was granted a running objection to the testimony on the history. Cerasco went on to testify that appellant's tattoos were also consistent with membership in this hybrid gang of Crips and Bloods, known as the "Get Money Boys."

In his sole issue on appeal, appellant contends the trial court's admission of gang-related evidence was reversible error because it was not relevant and, therefore, was improperly considered by the trial court.

To preserve a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion stating "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1). When an appellant does not timely object to the admission of evidence, he fails to preserve the issue for review. *Mays v. State*, 318 S.W.3d 368, 391−92 (Tex. Crim. App. 2010). And the complaint raised on appeal must comport with the objection lodged at trial. *See Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (appellant failed to preserve any error regarding the admission of evidence because objection at trial did not comport with complaint raised on appeal).

After reviewing appellant's sole issue, we conclude he waived the issue because he did not make a timely and specific objection to the admission of the gang-related evidence and, when he did object, his complaint below differs from the one raised in his appellate brief. *See* TEX. R.

APP. P. 33.1(a)(1)(A); *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Instead of objecting to the State's introduction or use of the gang-related evidence, appellant merely objected to the relevancy of Cerasco's contextual testimony describing an alliance formed in 2008 between the Crips and Bloods for the purposes of making money. Appellant did not object when the State sought to admit photos of appellant's tattoos or when Cerasco described the gang-related significance of appellant's tattoos or the types of criminal activities consistent with those engaged in by gang members or associates. Appellant's relevancy objection addressed only the testimony about the 2008 alliance between two gangs; thus, the objection was insufficient to preserve error, if any. Under these circumstances, we conclude appellant has waived this issue.

Furthermore, under article 37.07 of the Texas Code of Criminal Procedure, a trial court has broad discretion to admit evidence the court deems relevant to sentencing, including evidence of prior crimes, reputation, character, or the circumstance of the offense. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2014); *see Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). Evidence of membership in or affiliation with a gang would fall under the type of "bad acts" relevant to sentencing, and article 37.07 allows the introduction of such evidence to show the defendant's character. *See Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995). Finally, evidence was presented to the trial court of appellant's extensive criminal history, beginning with burglary of a habitation at twelve years of age and including a carjacking appellant committed immediately after robbing and shooting Boyd. Under these circumstances, we fail to see how appellant could have been harmed by the complained of evidence. *See* TEX. R. APP. P. 44.2(b). We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140985F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OCZAVEONE JACKSON, Appellant

No. 05-14-00985-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F12-60601-X.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of June, 2015.