MARY'S OPINION HEADING 









                                                NO.
12-05-00073-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

JERRY
DON HARTLESS,   §          APPEAL FROM THE 145TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

                                                                                                 
                                                          

MEMORANDUM
OPINION

            A jury convicted Appellant of murder and assessed his
punishment at imprisonment for sixty years. 
Appellant presents five issues on appeal.  We affirm.

 

Background

            Appellant and his wife stopped at a boat ramp at the
Angelina River Bridge connecting Nacogdoches and Angelina counties.  There they found a group of their friends
gathered near the bridge including Billy Bob Wallace (“Wallace”) and his
girlfriend, Donna Rawlinson, Wallace’s son “Wild Bill” Wallace, and Evelyn
Powers.  Evelyn Powers died before
trial.  At least four of the group
gathered around the campfire were drinking. 
Wallace was in poor health, but drank half a case of beer a day
according to Rawlinson, who described him as not a heavy drinker.  Wallace habitually wore a ten inch Bowie
knife in a scabbard on his belt.








            Appellant made some insulting remarks to Wallace’s
girlfriend, Rawlinson, about her previous sexual relationship with a person of
another race.  On hearing this, Wallace
attempted to get up from where he was sitting on the ground.  According to Appellant’s initial testimony,
Wallace jumped up and started at him with his Bowie knife in his hand.  Appellant testified that he feared for his
life and shot Wallace three times. 
Later, Appellant conceded that Wallace was only halfway up standing on
his feet when he shot and killed him. 
The Bowie knife was found outside its sheath one foot from Wallace’s
body.  Other witnesses testified that
they did not see a knife in Wallace’s hand.

            A State’s witness testified that at the time of his
death, Wallace was in deteriorating health and took at least six different
medications for multiple health problems. 
Other testimony indicated that because of these problems, it would have
been impossible for Wallace to get up from the ground quickly or suddenly.  At the time of the shooting, Appellant and
Wallace were probably no more than ten feet apart.

 

Legal and Factual Sufficiency

            In his first two issues, Appellant challenges the legal
and factual sufficiency of the evidence supporting his conviction.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed.
2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In the
relatively recent case of Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004), the court of criminal appeals explained the factual
sufficiency standard.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First, when
considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand.  This
standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

Analysis

            Appellant admitted during cross examination that he shot
Wallace three times and that it was his intent to do whatever it took to stop
him.  Appellant insisted that he feared
for his life because Wallace was coming at him with a knife.

            The trial judge appropriately charged the jury on the law
of self defense. See Tex. Pen.
Code Ann. § 9.31(a)(b) (Vernon 2003). 
Appellant contends the “evidence is insufficient to support the jury’s
implicit rejection” of his self defense claim. 
When the defendant introduces evidence that he acted in self defense,
the State bears the burden of showing beyond a reasonable doubt that the force
used was not reasonable or justified.  See
Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991); Tucker
v. State, 15 S.W.3d 229, 235 (Tex. App.–Houston [14th Dist.] 2000, pet.
ref’d).  This is not a burden of
production, i.e., one which requires the State to affirmatively produce
evidence refuting the self defense claim, but rather a burden requiring the
State to prove its case beyond a reasonable doubt.  Saxton, 840 S.W.2d at 913.

            Whether the facts and circumstances justified a
reasonable belief by the defendant that immediate action was necessary for his
protection must be judged from the standpoint of the defendant alone.  Benavides v. State, 992 S.W.2d
511, 521 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d).

            Appellant points specifically to the uncontradicted
testimony that Appellant shot Wallace after he stood up or as he was trying to
get up.  It is undisputed that Wallace
always carried a knife.  The knife was
found out of its sheath one foot from Wallace’s body, a fact consistent with
Appellant’s testimony that Wallace had the knife in his hand when he got
up.  Appellant testified that he knew
Wallace was very proficient in rapidly drawing and throwing a knife.  When he saw Wallace getting to his feet with
the knife in his hand, he told him to stop. 
Appellant stresses that Wallace was only five or six feet away when he
fired.  A sheriff’s deputy testified that
his training authorized the use of lethal force if an assailant armed with a
knife came within twenty-one feet.  A
person closer than twenty-one feet can “close the gap” before the officer can
react in self defense.  According to
Appellant, he had extensive skin grafts on his legs, which made retreat
impossible in the face of a sudden attack because he could not run.

            However, the jury heard other evidence sufficient to
justify their rejection of Appellant’s plea of self defense.  Wallace’s health had worsened in the years
immediately prior to his death.  He had
difficulty in getting up from sitting or lying on the ground at the riverbank
campsite.  He was described as barely
able to get around.  Rawlinson testified “[he]’d
get out of breath when he tried to walk.” 
His multiple health problems required that he take at least six
prescription drugs.

            Only Appellant testified that Wallace had a knife in hand
when he was shot.  No other witness
believed that Wallace was adept at throwing a knife.  His girlfriend, Rawlinson, told the jury that
he used the knife for cleaning game and cutting cans and nothing else.  Another State’s witness, Robert Moore,
testified that, although Wallace drank alcoholic beverages “real often,” “[h]e
never got out of line . . . with anybody.” 
There was also testimony that two days before the shooting Appellant and
Wallace had argued about the recent theft of Appellant’s boat motor.

            The jury is the sole judge of the facts, the witnesses’
credibility, and the weight to be given the evidence.  Clewis v. State, 922 S.W.2d
126, 133-34 (Tex. Crim. App. 1996).  A
jury may choose to believe or not to believe any portion of a witness’s
testimony.  See Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
The reconciliation of conflicting evidence is within the jury’s
exclusive province.  See Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).

            There is an abundance of evidence from which a rational
fact finder could have found beyond a reasonable doubt that Appellant’s use of
deadly force was neither reasonable nor justified.  Measured against the appropriate standards,
the evidence is both legally and factually sufficient to support Appellant’s
conviction.  Appellant’s first and second
issues are overruled.

 

Confrontation Clause—Right to Cross Examination

            In his third issue, Appellant asserts that the trial
court’s limitation of his cross examination of the State’s expert regarding the
basis of his conclusions constituted a denial of his right to confront
witnesses.  

            Deputy Partin prepared a report for the district attorney’s
office containing a summary of interviews conducted and other evidence
collected in the case.  In his offer of
proof, Appellant summarized Deputy Partin’s supplemental report, which showed
that one witness, Evelyn Powers, told Officer Richardson that she saw Wallace
with a knife in his hand just before Appellant shot him.  Evelyn Powers died before trial.  Evelyn Powers was the only person present
other than Appellant who saw Wallace getting up with his knife out of its
scabbard.  

            On appeal, Appellant contends that Officer Partin’s
report, never introduced in evidence, 
represents the conclusions of an expert and that he is therefore
entitled to question Officer Partin about the underlying facts on which he
relied in order to test the credibility of his conclusions.

Applicable Law

            The Sixth Amendment’s Confrontation Clause provides that “[i]n
all criminal prosecutions, the accused shall enjoy the right . . . to be
confronted by the witnesses against him.” 
The Fourteenth Amendment secures this right for the defendant in state
as well as federal prosecutions.  Pointer
v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923
(1965).  “[A] primary interest secured by
[the Confrontation Clause] is the right of cross-examination.” Douglas v.
Alabama, 380 U.S. 415, 418, 85 S. Ct. 1074, 1076, 13 L. Ed. 2d 934
(1965).  The right of confrontation is
violated when the defendant is denied the opportunity for appropriate cross
examination.  Kentucky v. Stincer,
482 U.S. 730, 738, 107 S. Ct. 2658, 2663, 96 L. Ed. 2d 631 (1987).

            Texas Rule of Evidence 702 provides for the admission of
the opinions of qualified experts if their expertise will help the factfinder understand
the evidence or determine a fact in issue. 
The facts or data used by the expert in reaching his conclusions need
not be admissible in evidence if they are the type reasonably relied upon by
other experts in the particular field.  Tex. R. Evid. 703.  The expert may disclose the underlying facts
or data on direct examination or be required to disclose them on cross
examination.  Tex. R. Evid. 705(a).

Analysis

            There are several reasons why Appellant’s complaint is
without merit.  Nowhere in his testimony
before the jury did Deputy Partin express an opinion or conclusion that would
have opened the door to his direct or cross examination regarding Evelyn Powers’s
statement as an underlying fact supporting his opinion.  Appellant’s offer of proof shows that the
report is no more than a recitation of facts disclosed by interviews or other
evidence.  Nowhere in Appellant’s offer
of proof do we find that Deputy Partin expressed in his report an opinion or
conclusion based upon his special knowledge. 
The trial court’s refusal to permit Appellant’s direct or cross
examination of Deputy Partin regarding a statement in a report not in evidence
was not a denial of Appellant’s right of confrontation.

            Moreover, Appellant did not raise his confrontation claim
at trial.  Appellant’s appellate
complaint must comport with his trial objection or nothing is preserved for
review.  Guevara v. State,
97 S.W.3d 579, 583 (Tex. Crim. App. 2003). 
Appellant complained at trial that the trial court erred in not allowing
him to examine Deputy Partin regarding the contents of the investigative report
not in evidence.  Although it is not
entirely clear, Appellant apparently based his trial complaint on Texas Rule of  Evidence 705(a), not on a denial of his Sixth
Amendment right of confrontation.  No
error is preserved.  Appellant’s third
issue is overruled.

 

Exclusion of Statement

            In his fourth issue, Appellant contends the trial court
erred in excluding Evelyn Powers’s statement that the victim, Wallace, had a
knife in his hand when he was shot by Appellant.  Appellant first argues that this statement
was not offered for the truth of the matter asserted, but to show Appellant’s
state of mind when he fired the fatal fusillade.  Secondly, he claims the statement was
admissible as an excited utterance. 
Appellant’s offer of proof shows that Deputy Partin, in his
investigative report, referred to Evelyn Powers’s statement to Deputy
Richardson that Wallace had a knife in his hand when he was shot.

            Since no attempt was made to introduce Evelyn Powers’s
statement either as a statement of the declarant’s state of mind or as an
excited utterance, the trial court had no opportunity to rule.  Moreover, there is no evidence that if such a
statement was made, it was “made while the declarant was under the stress of
excitement caused by the event. . . .”  Tex. R. Evid. 803(2).  Such a showing is a requisite for its
admissibility as an excited utterance. 
See Volkswagen of Am., Inc. v. Ramirez, 159 S.W.3d 897, 908
(Tex. 2004).  Appellant’s fourth issue is
without merit and is overruled.

 

Confrontation Clause—Hearsay Statements

            Appellant contends in his fifth issue that “the trial
court erred in admitting evidence of statements made by third parties that
Appellant made threats against the victim.”  Appellant maintains that, although perhaps
admissible under an exception to the hearsay rule, the statements nevertheless
violated his  right to confrontation of
witnesses.  Whether the right of
confrontation has been violated should be reviewed de novo.  Wall v. State, 184 S.W.3d 730,
742 (Tex. Crim. App. 2006).

Testimony of Robert Moore

            Robert Moore, a friend of Wallace, testified, over
Appellant’s objection, that three days before the homicide and after the
argument over the stolen boat motor, Appellant told him that he knew Wallace
had stolen his boat motor and that he was “going to take care of him [Wallace].”  This testimony was not hearsay, but an
admission of a party–opponent because it is Appellant’s own statement to the
witness and the statement is offered against him.  See Tex.
R. Evid. 801(e)(2)(A).  Therefore,
admission of the statement did not violate Appellant’s right of confrontation.

Testimony of Wallace’s mother

            Wallace’s mother was allowed to testify that a few days
before his death, Wallace came in her house after Appellant had driven off in
his pickup.  Wallace was upset and
extremely agitated when he came in.  He
said Appellant had just accused him of stealing his boat motor and had
threatened to kill him.  Wallace also
told her that he walked to the side of the pickup and told Appellant “if he’ll
get out we’ll see how bad the Ku Klux Klan is.”

            The statements Wallace’s mother testified that Appellant
made to her son, which he repeated to her, are inadmissible hearsay unless they
fit under one of the exceptions to the hearsay rule.  See Tex.
R. Evid. 802.  The trial court
admitted them under the excited utterance exception.  Evidence that is admissible under an
exception to the hearsay rule may yet violate the Confrontation Clause. Wall,
184 S.W.3d at 742.  It is solely on the
latter basis that Appellant challenges the admission of the statements.  

            “Where testimonial [hearsay] evidence is at issue, . . .
the Sixth Amendment demands what the common law required: unavailability [of
the witness] and a prior opportunity for cross-examination.”  Crawford v. Washington, 541
U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).  The Supreme Court noted that the term “testimonial”
includes at a minimum “prior testimony at a preliminary hearing, before a grand
jury, or at a former trial; and . . . police interrogations.”  Id.  However, the Court “[left] for another day
any effort to spell out a comprehensive definition of testimonial.”  Id.  Therefore, the threshold question imposed by Crawford
is whether the proffered out of court statement is “testimonial in nature.”  Brooks v. State, 132 S.W.3d
702, 707 (Tex. App.–Dallas 2004, pet. ref’d); see Crawford, 541
U.S. at 68, 124 S.Ct. at 1374.   

            Although Crawford did not specifically
define “testimonial,” one formulation suggested by Crawford
defined testimonial statements as those “made under circumstances which would
lead an objective witness reasonably to believe that the statement would be
available for use at a later trial.”  Crawford,
541 U.S. at 52, 124 S. Ct. at 1364. 
Applying this formulation, statements made to police officers during
formal structured interrogations are obviously testimonial.  See id., 541 U.S. at 68,
124 S.Ct. at 1374.  Casual
remarks to an acquaintance are almost never so. 
See id.  In United
States v. Cromer, 389 F.3d 662, 675 (6th Cir. 2004), the court
identified this formulation as the decisive inquiry in reviewing a
Confrontation Clause objection to hearsay. 
Recent Texas decisions have focused on two factors in determining
whether a statement is testimonial:  (1)
the formal nature of the interaction between the declarant and the
auditor-interrogator and (2) the objective intent of the declarant.  Moore v. State, 169 S.W.3d 467,
475 (Tex. App.–Texarkana 2005, pet. ref’d).

            We conclude that under either formulation, “objective
witness” or interaction/objective intent, the statement was not
testimonial.  Wallace’s statement to his
mother was made under informal circumstances. 
Appellant did not report Wallace’s threat to law enforcement or suggest
to his mother that he believed Wallace intended to carry out his threat.  Nothing in the record indicates that Wallace
had the objective intent that the statement be available as evidence in a
prosecution for his murder.  Nor can we
conclude from the circumstances shown by the record that an objective witness
reasonably would have believed the statement would be available for use at a
later trial.  Therefore,  admission of the statement as an excited
utterance did not violate Appellant’s right of confrontation.  

            Appellant’s fifth issue is overruled.

Disposition

            The judgment is affirmed.

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

Opinion
delivered June 14, 2006.

Panel
consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

(DO NOT PUBLISH)