MARY'S OPINION HEADING 









                                                NO.
12-05-00266-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

MARVIN WADDLETON, III,         §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant was charged by indictment with theft of his
mother’s tractor alleged to have a value of $1,500 or more but less than
$20,000, a state jail felony.  Prior to
trial, the State gave written notice of its intent to enhance the applicable
punishment range based upon Appellant’s prior conviction of aggravated assault
of his father.  Appellant insisted upon
representing himself at trial.[1]  The
jury convicted Appellant of the offense charged, found the State’s enhancement
allegation to be true, and assessed his punishment at imprisonment for ten
years and a fine of $10,000, the maximum penalty allowed for the offense.  Appellant raises five issues on appeal.  We affirm.

 

Background








            On March 26, 2003, Appellant’s mother, Emily Waddleton,
gave Appellant written permission to live on farm number one, one of the two
farms she and her late husband had purchased, so long as he did not “interfere
in life on farm number two where she lived.” 
In the same letter, she recited that she was giving him seven old cows,
four heifers, the temporary use of a truck, and $1,100 “to get his own
transportation.”  He was given permission
to “use the equipment, under the condition that he do all the maintenance on
all equipment.”  The letter referred to
as an agreement was to be reviewed at the end of each year.  Appellant did not fully comply with the
conditions.  On October 30, 2004,
Appellant’s mother wrote Appellant expressing her concern and disappointment at
his return to his old habits.  She
informed him that she was no longer working with him and that she wanted all
the equipment returned to her.  She did,
however, say that he would be allowed to continue to use the 4610 Ford tractor
and some other items.  It is the 4610
Ford tractor Appellant is alleged to have stolen.  Relations between Appellant and his mother
continued to deteriorate.  In December,
Appellant’s mother told him to bring the 4610 tractor back to her farm because
she needed a tractor with a front end loader. 
Appellant refused.  The Smith
County Sheriff’s Department helped her get the tractor, and she placed it
behind a locked gate.  On December 17,
2004, the tractor’s front end loader was apparently used to lift the gate from
its hinges, and the tractor appeared at farm number one where Appellant
lived.  Appellant admitted having the
tractor and, once again, refused to return it. 
Because of Appellant’s abusive language and threatening conduct,
Appellant’s mother obtained the tractor with the aid of the Auto Theft Task
Force.  Appellant was charged with theft.

            Rex Swain, an employee of the Noonday Tractor Auction,
testified the 4610 Ford had a market value of $9,000.

 

Challenges for Cause 

            In his first issue, Appellant contends the trial court
erred when it did not allow him to ask the trial court to excuse six persons
for cause.  Appellant told the trial
court that he had six challenges for cause. 
The trial court told him to wait until he heard the State’s
challenges.  After granting the State’s
four challenges for cause, one over Appellant’s objection, the trial court
informed Appellant that he should not use his ten peremptory challenges on
members of the panel lower than number thirty-six.  The trial court did not ask Appellant about
his challenges for cause, and Appellant never re-urged them.

            To warrant reversal for the trial court’s erroneous
denial of an appellant’s valid challenge for cause, the appellant must show the
following:

 

1.             The
voir dire of the individual venireperson was recorded and transcribed.

 

2.             The
appellant asserted a clear and specific challenge for cause clearly
articulating the grounds therefor at trial.

 

3.             After
a challenge for cause was denied by the trial court, he used a peremptory
challenge on that juror.

 

4.             All
peremptory challenges were exhausted.

 

5.             When
all peremptory challenges were exhausted, the appellant made a request for
additional peremptory challenges.

 

6.             Finally,
the appellant must have asserted that an objectionable juror sat on the
case.  He should have pointed out to the
trial court he was being forced to try the case with a juror seated against
whom he would have exercised a peremptory challenge had he one.

 

 

Jacobs v. State, 787
S.W.2d 397, 405 (Tex. Crim. App. 1990).

            In this case, the trial court explained the procedure to
Appellant, who said he had six challenges for cause.  After the trial court excused four persons
challenged for cause by the State, Appellant failed to urge any challenges for
cause.  Nothing in the record indicates
the trial court prevented Appellant from challenging potential jurors for
cause.  No error is preserved, and Appellant’s
first issue is overruled.

 

Legal and Factual Sufficiency

            In his second and third issues, Appellant insists that
the evidence is both legally and factually insufficient to support his
conviction for theft.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed.
2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In the
relatively recent case of Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004), the court of criminal appeals explained the factual
sufficiency standard.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the evidence
may be insufficient.  First, when considered
by itself, evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict.  Weighing all
the evidence under this balancing scale, the contrary evidence may be strong
enough that the beyond-a-reasonable-doubt standard could not have been met, so
[that] the guilty verdict should not stand. 
This standard acknowledges that the evidence of guilt can “preponderate”
in favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.  Stated
another way, evidence supporting guilt can “outweigh” the contrary proof and
still be factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

Applicable Law

            The elements of the offense of state jail felony theft
are found in section 31.03 of the Texas Penal Code, which provides, in
pertinent part, as follows:

 

(a)
A person commits an offense if he unlawfully appropriates property with intent
to deprive the owner of the property.

 

(b)
Appropriation of property is unlawful if:

 

(1)
it is without the owner’s effective consent;

 

                . . . .

 

(e)
Except as provided by subsection (f), an offense under this section is

 

(4)
a state jail felony if:

 

(A)
the value of the property stolen is $1500 or more but less than $20,000. . . .

 

 

Tex.
Pen. Code Ann. § 31.03(a), (b), (e)(4)(A) (Vernon Supp. 2005).

            The trial judge properly charged the jury that the term “owner”
means “a person who has title to the property, possession of the property,
whether lawful or not, or a greater right to possession of the property than
the actor.”  See Tex. Pen. Code Ann. § 1.07(a)(35)
(Vernon Supp. 2005).  When the defendant
and the alleged owner have an equal right to possession of the property, the
State must prove that at the time of the alleged offense, the alleged owner had
a greater right to possession of the property. 
Freeman v. State, 707 S.W.2d 597, 603 (Tex. Crim. App.
1986).

            Appellant maintains that his mother had granted him
permission to use the 4610 tractor in her letter of March 23, 2003 and had even
reiterated that permission in her letter of October 30, 2004.  Since his mother conceded that the agreement
was not to be renewed until the end of the year, he argues that the evidence
does not show that she had a greater right to possession of the tractor than he
possessed.

            The record shows that the tractor, as well as the farms
and equipment, was purchased by Appellant’s late father during his marriage to
Appellant’s mother.  She testified that,
at his death, she became the “trustee” and “custodian” of his estate.  In entering into the agreement with his
mother establishing conditions for his use of the tractor, Appellant
acknowledged her right to its control following the death of his father.  There is also ample evidence that Appellant
violated the terms of the agreement by not maintaining the property and by
interfering with her life and operations on farm number two where she lived.  She gave him verbal notice that she wanted
the tractor returned.  When all she
received was abuse, she retrieved the tractor with the help of officers from
the sheriff’s department.  Following the
officer’s suggestion, she placed the tractor behind a locked gate and changed
the locks on the gate and fuel tanks to prevent Appellant from getting the
tractor or taking any more fuel from her. 
Appellant used the front end loader of the tractor to lift the gate from
its hinges and take it.  When his mother
called, he admitted he took the tractor and he refused to return it.  His mother recovered the tractor only with
the help of the Auto Theft Task Force.

            There is abundant evidence that, at the time of the
taking, Appellant’s mother had the greater right to possession of the
tractor.  The evidence is both legally
and factually sufficient to support Appellant’s conviction.  Appellant’s second and third issues are
overruled.

 

Extraneous Offenses

            In his fourth issue, Appellant complains that the trial
court erred in allowing the State, over his objection, to present evidence at
the guilt/innocence stage of the trial that he had committed the offense of
possession of a controlled substance. 
Appellant contends that such evidence was not relevant to the issue of
his guilt of theft.








            The State argued that Appellant had opened the door to
evidence of his drug use because of the “numerous times where he has asked
people about drugs and drug use.”  The
trial court overruled Appellant’s “due process” and “Fourth Amendment”
objections.  Constable Dale Geddie then
testified that on April 6, 2005 (subsequent to the date of the charged
offense), he observed Appellant driving on the wrong side of the road at dusk
with the car’s lights off.   When he
finally managed to stop Appellant, 
Appellant was aggressive and appeared to be under the influence of
drugs.  During a patdown search for
weapons, Constable Geddie discovered a pill bottle containing crack cocaine in
Appellant’s sock.

            On appeal, Appellant complains that the evidence of his
cocaine possession was not relevant apart from supporting an inference of character
conformity and was therefore inadmissible under Texas Rule of Evidence 404
(b).  His “Fourth Amendment” and “due
process” objections at trial do not comport with his complaint on appeal.  Therefore, nothing is preserved for
review.  Guevara v. State,
97 S.W.3d 579, 583 (Tex. Crim. App. 2003). 
Appellant’s fourth issue is overruled.

            In his fifth issue, Appellant contends the trial court
erred when it allowed the jury at the guilt/innocence phase of the trial to
consider that he committed the felony offense of possession of a controlled
substance when the evidence was neither legally nor factually sufficient to
support the allegation.  The admission of
an unadjudicated extraneous offense is contingent upon clear proof that the
offense was committed and that the defendant was the perpetrator.  Chamberlain v. State, 998
S.W.2d 230, 235 (Tex. Crim. App. 1999). 
We review the trial court’s application of the “clear proof” standard
solely to determine whether the trial court’s ruling is within the zone of reasonable
disagreement.  Id.  

            Constable Geddie testified that during a search of
Appellant for weapons he found what appeared to be crack cocaine in a Tylenol
bottle in Appellant’s sock.  The
laboratory report showed that the nuggets taken from Appellant contained
cocaine.  The evidence is sufficient to
show that Appellant committed the extraneous offense.  Appellant’s fifth issue is overruled.

 

Disposition

            The judgment is affirmed.

 

                                                                                        BILL BASS 
                                                                                                                                         Justice

Opinion
delivered June 21, 2006.

Panel
consisted of Worthen, C.J., DeVasto, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

(DO NOT
PUBLISH)











    
[1] 1 A pro se defendant is held to the same
standard as any attorney who represents a defendant.  See Johnson v. State, 760
S.W.2d 277, 279 (Tex. Crim. App. 1988).