Opinion issued July 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00317-CR

———————————

Haywood Chambers, Appellant

V.

The State of
TExas, Appellee



 



 

On Appeal from the 232nd District Court 

Harris County, Texas



Trial Court Case No. 1223809

 



 

MEMORANDUM OPINION

          A
jury found appellant, Haywood Chambers, guilty of aggravated robbery, found a
felony enhancement true, and assessed punishment at 30 years’ confinement.  In two points of error, appellant contends
that he is entitled to a new punishment hearing (1) because the evidence at
punishment was insufficient to show that appellant committed an extraneous
offense, and (2) so that appellant can present mitigating evidence.  We affirm.

BACKGROUND

          As
Noe Villarreal was walking up to the front door of his house, appellant
approached him with a gun.  Appellant
forced Villarreal into the house, then took his wallet, car keys, and
Blackberry phone.  Appellant then forced
Villarreal to walk with him through the house as appellant looked for other
things to steal.  After forcing
Villarreal to disconnect a television, appellant shut Villarreal in a
closet.  When Villarreal later left the
closet, appellant and a green Chevy Blazer that Villarreal had noticed earlier
were both gone.  Villarreal later picked
appellant out of a photographic line-up. 

EXTRANEOUS OFFENSE

          In the
punishment phase of the trial, the State presented Donte Hall, who testified
that his sister, Nekisha, was walking to work when he decided to catch up with
her and give her a ride.  Nekisha told
Hall that a man in a nearby green SUV had been trying to pick her up. As Hall
drove past the green SUV, he told the man inside to leave his sister
alone.  The man in the SUV followed Hall,
pulled over next to him, and fired a gunshot that grazed Hall’s leg.  Hall later identified appellant as the man in
the green SUV.

          On appeal, appellant contends that this extraneous offense
evidence was inadmissible at punishment because it was not proved beyond a
reasonable doubt, as required by Tex. Code Crim. Proc. Ann. art.  37.07,
sec. 3(a)(1) (Vernon Supp. 2010). The State responds
that appellant has not preserved this issue for our review.  We agree. To preserve a complaint for
appellate review, a party must present to the trial court a timely request,
objection, or motion, stating the specific grounds for the ruling he desires
the court to make if the specific grounds are not apparent from the context. Tex. R. App. P. 33.1(a)(1)(A).

It is well
established that the ground of error presented on appeal must comport
with the objection raised at trial; otherwise nothing is presented for review. Crocker
v. State, 573 S.W.2d 190, 205 (Tex. Crim. App. 1978); see Guevara v.
State, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that point of
error on appeal must comport with objection at
trial); Hailey v. State, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)
(stating that appellate court cannot reverse on legal theory not presented to
trial court by complaining party). 

          At trial, appellant never argued to
the trial court that the extraneous offense was inadmissible under article 
37.07, sec. 3(a)(1).  Instead,
appellant argued that the extraneous offense was inadmissible under Texas Rule of
Evidence 403.[1] 

Because appellant did not give the trial court the
opportunity to consider the inadmissibility of the evidence for failing to
comply with art.  37.07, sec. 3(a)(1), he may not now complain about it on
appeal. We will not reverse a trial court’s evidentiary ruling on a theory of
admissibility or inadmissibility not raised at trial. See Martinez, 91
S.W.3d at 336; Kuecker v. State, No. 01–07–00016–CR,
2008 WL 1747692, at *4 (Tex. App.—Houston [1st Dist.] Apr. 17, 2008, no pet.)
(mem.op.). Because his objection at trial differs from his complaint on appeal,
appellant has failed to preserve error. Thomas, 723 S.W.2d at 700.[2]

           

          We overrule point of error one.

MITIGATING EVIDENCE

          In point of error two, appellant
argues that the Eighth Amendment of the United States Constitution requires “a
remand for a new punishment hearing . . . so that mitigating evidence, if any,
can be presented and considered.” 
Relying on Graham v. Florida,
___U.S.___, 130 S. Ct. 2011 (2010), appellant argues that “[t]his Court should
hold that a reviewing court must examine a particular defendant’s own criminal
conduct as well as aspect of his ‘character’ which might be mitigating,” and
that “trial courts should make that review possible by requiring defendants to
present whatever mitigating evidence they might have.”  Essentially, appellant is arguing that Graham requires trial courts to
implement a procedure for ensuring that any mitigating evidence is offered so
that a defendant’s punishment may be individualized.

      However,
Graham is distinguishable from the
present case.  Graham involved a juvenile defendant who
violated his probation by committing a home invasion robbery, possessing a
firearm, and associating with people engaged in criminal activity. Graham,
130 S. Ct. at 2018–19. The trial court held a sentencing hearing and considered
a punishment range of five years’ confinement to life without parole. Id.
At the hearing, a presentence report [“PSI”] prepared by the Florida Department
of Corrections recommended a departure sentence of four years. Id. The
trial court also considered a letter written by Graham expressing remorse and
promising to refrain from crime. Id. at 2020. In announcing its
sentencing, the trial court noted that Graham had a strong family structure to
support him. Id. Nevertheless, the trial court assessed punishment at
the maximum—life imprisonment without parole. Id. The Supreme Court held
that with respect to a juvenile offender who did not commit homicide, the
Eighth Amendment prohibits imposition of sentence of life without parole and
requires that a state give some meaningful opportunity to obtain release based
on demonstrated maturity and rehabilitation. Id. at 2030. The Graham court did not  “revisit the question of whether the Eighth
Amendment mandates individualized consideration for a term of years sentence.
Therefore, discussion of a constitutional rule regarding mitigating evidence is
conspicuously absent from the decision . . . .” Welch v. State, 335
S.W.3d 376, 381 (Tex. App.—Houston [14th Dist.] 2011, pet. ref’d) (considering
identical argument) (internal citations omitted).  

In short, Graham
did not overrule Harmelin v. Michigan,
501 U.S. 957, 994–95, 111 S. Ct. 2680 (1991), which holds that the Eighth
Amendment does not afford criminal defendants the right to produce evidence of
mitigating circumstances when the state seeks punishment for a term of
years.  Graham held only that a juvenile convicted of a non-homicide crime
could not face the second-most harsh penalty available—life without
parole.  Appellant is not a juvenile,
thus Graham has no application.  See
Wilkerson v. State, No. 14-09-00024-CR,
2011 WL 1643567, *2 (Tex. App.—Houston [14th Dist.] May 3, 2011, no pet.)
(holding Graham not applicable to
non-juvenile defendant and concluding Harmelin
still controlling authority).

This Court has recently addressed the same issue in Fleck v. State, No. 01-09-00983-CR, 2011
WL 1632168 (Tex. App.—Houston [1st Dist.] April 28, 2011, no pet.).  After deciding that Graham did not establish a constitutional rule regarding mitigating
evidence, this Court noted that appellant had a statutory right to present
mitigating evidence, but did not do so.  Id. at *8 (citing Tex. Code
Crim. Proc. Ann.
arts.  37.07 § 3(a)(1)).  The same is true in this case.

We overrule point of error two.

CONCLUSION

          We affirm the trial court’s
judgment.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Appellant objected as follows:

 

As
to the objection 403 we believe that because it was a crime of violence,
because it has not been proven and in fact it’s actively pending against the
Defendant we believe that [the extraneous offense] would be
unfairly prejudicial to bring an offense of violence of that nature when you
compare it to this offense where there was no physical violence perpetrated the
danger of unfair prejudices will in fact occur and . . . any probative value is
outweighed by the danger of that unfair prejudice. 

 





[2]
          Additionally,
the jury was instructed that it could not consider any extraneous offense “for
any purpose unless [it] believe[d] beyond a reasonable doubt that the defendant
committed such other acts of misconduct.” See
Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (requiring such
extraneous offense instruction at punishment).  We generally presume the jury follows the
trial court’s instructions in the manner presented. See Williams v. State,
937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (stating that jury is presumed to
follow court’s instructions as given); Waldo v. State, 746 S.W.2d 750,
754 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard
evidence); Gardner v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (same).
The presumption is rebuttable, but appellant has pointed to no evidence in
rebuttal.