ACCEPTED
01-15-00095-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/22/2015 11:08:56 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00095-CR
01-15-00094-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/22/2015 11:08:56 PM

CHRISTOPHER A. PRINE
Clerk

DIONYSIOS SPIRO KOSMETATOS
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1449194 & 1414418
From the 338th District Court of Harris County, Texas

BRIEF FOR THE APPELLANT

TONYA ROLLAND MCLAUGHLIN
TBN 24054176
4301 Yoakum Boulevard
Houston, Texas 77006
Phone: (713) 529-8500
Fax: (713) 456-2203

**Counsel for Appellant**

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

Dionysios Spiro Kosmetatos
TDC# 1976828
French M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601

TRIAL PROSECUTORS:

David Bernard
Beth Exley
Assistant District Attorneys
Harris County, Texas
1201 Franklin Avenue
Houston, Texas 77002

DEFENSE COUNSEL AT HEARING:

Randall Ayers
P.O. Box 1569
Houston, Texas 77251

COUNSEL ON APPEAL FOR APPELLANT:

Tonya Rolland McLaughlin
4301 Yoakum Boulevard
Houston, Texas 77006

PRESIDING JUDGE:

Hon. Brock Thomas
338th District Court
Harris County, Texas
1201 Franklin Avenue
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ 2

TABLE OF CONTENTS ......................................................................................... 3

INDEX OF AUTHORITIES ..................................................................................... 4

STATEMENT OF THE CASE ................................................................................. 5

STATEMENT REGARDING ORAL ARGUMENT ..................................................... 6

ISSUE PRESENTED ............................................................................................. 7

STATEMENT OF FACTS ...................................................................................... 7

SUMMARY OF THE ARGUMENT ......................................................................... 9

ARGUMENT ....................................................................................................... 9

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE THE OFFICER'S TESTIMONY WAS INSUFFICIENT TO SUPPORT THE FINDING THAT APPELLANT VERBALLY CONSENTED TO THE SEARCH OF HIS VEHICLE

STANDARD OF REVIEW .............................................................................. 9

OFFICER SMITH'S TESTIMONY WAS COMPLETELY LACKING IN OBJECTIVE FACTS THAT APPELLANT CONSENTED TO THE SEARCH. ................................... 10

PRAYER ........................................................................................................... 14

CERTIFICATE OF SERVICE ............................................................................... 14

CERTIFICATE OF COMPLIANCE ........................................................................ 15

## INDEX OF AUTHORITIES

**Cases**

*Bumper v. North Carolina*, 391 U.S. 543, 549, 88 S.Ct. 1788, 1792 (1968) . .............................. 10

*Cantu v. State,* 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).. ...................................................... 9

*Flores v. State*, 172 S.W.3d 742, 749 (Tex. App.—Houston [14th Dist.] 2005, no pet.)....11, 12

*Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). ..............................................11, 13

*Guevara v. State*, 97 S.W.3d 579, 582 (Tex. Crim. App. 2003)... ...................................10, 12, 13

*Johnson v. State*, 68 S.W.3d 644 (Tex. Crim. App. 2002) ............................................................ 12

*Meeks v. State*, 692 S.W.2d 504, 509 (Tex. Crim. App. 1985)... ................................................. 12

*Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011). .............................................. 10

*Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000)...............................................10, 11

*Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). ..................................................... 9

*Shepherd v. State,* 273 S.W.3d 681, 684 (Tex. Crim. App. 2008)................................................. 9

*State v. Garcia*, 2014 WL 4364623, *4 (Tex. App.—Austin, August 8, 2014, no pet. h.).. 12, 13

*State v. Ibarra*, 953 S.W.2d 242, 244-45 (Tex. Crim. App. 1997).. ........................................... 10

*Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)...........................................9, 13

**Constitutional Provisions, Statutes and Rules**

U.S. Const. amend IV .................................................................................................................... 10

TEX. R. APP. PROC. 38.1(e) .............................................................................................................. 6

TEX. R. APP. PROC. 44.4. .........................................................................................................13, 14

## STATEMENT OF THE CASE

Appellant was charged in cause numbers 1414418, 1449194, and 1414419 with two counts of Aggravated Assault - Public Servant and one count of Aggravated Assault - Family Member, each alleged to have occurred on or about January 13, 2014. (1 CR at 7; 2 CR at 5).[1] The State filed a motion to consolidate the three cases into one trial on November 24, 2014, which was granted. (2 CR at 6).

On January 14, 2015, a jury found Appellant guilty in cause numbers 1414418 and 1449194 of both counts of Aggravated Assault – Public Servant. The jury found Appellant not guilty in cause number 1414419 of Aggravated Assault – Family Member. On January 14, 2015, the jury sentenced the Appellant to forty (40) years in the Institutional Division of the Texas Department of Corrections. Appellant filed a timely notice of appeal. (1 CR at 96; 2 CR at 38).

The two convictions are combined in a single brief for purposes of appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument should be permitted because this appeal is not frivolous and the facts and legal arguments are adequately presented. TEX. R. APP. PROC. 38.1(e). Appellant requests oral argument because the Court of Appeal's decision, whether the trial court erred in denying Appellant's motion to suppress evidence, would be significantly aided by oral argument.

**change wording**

**ISSUE: THE EVIDENCE IS LEGALLY INSUFFICENT TO ESTABLISH APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

STATEMENT OF FACTS

On January 13, 2014, Appellant, Dionysios Kosmetatos, was at his mother in law's apartment with his children and wife. Appellant and his wife, Rebecca Kosmetatos, began arguing inside of the apartment. Rebecca and her mother, Patricia Dow, left the Appellant and children inside of the apartment and went to the apartment of downstairs neighbor, Urica Blackwell. Urica called 911. (4 RR at 74).

Officer Patrick Woods and Officer Serguei Gromyko responded to the disturbance call a little after midnight. (4 RR at 161). Officer Woods testified at this point they only knew that the Appellant was alleged to have locked his wife out of the apartment and Officer Gromyko was behind him. Officer Woods stated there had been no report of weapons and he did not feel threatened walking up the stairs. (4 RR at 154). CSU Officer Arthur Lyons testified the stairwell was dark with very limited illumination and on the landing in front of Patricia's apartment the light fixture was out. (4 RR at 46-50). The available light was coming from the balcony below. (4 RR at 51). Officer Woods said as they were talking to Patricia when Appellant flung the door open. At this point, he testified they had not knocked or announced police. (4 RR at 128, 147). Urica's testimony conflicts with the Officer's because she allegedly saw the Officers arrive and knock on the door. (4 RR at 79). Officer Woods said

Appellant screamed and rushed him. Patricia Dow first testified on direct for the State that she saw Appellant come out of her apartment with a knife in his hand and heard him threaten the Officers. (3 RR at 45-46). But lost credibility on cross when she testified she did not see any altercation between Appellant and the Officers and never saw Appellant with the knife. (4 RR at 26, 29). She only heard gunshots. (4 RR at 26). Urica said she saw him come out screaming with a knife above his head and tried to stab the Officers. Her testimony again conflicts with the Officers because she allegedly saw them telling Appellant to put the knife down and then she heard gunshots. (4 RR at 81-83). Officer Woods testified he did not tell Appellant to drop the knife. (4 RR at 132). Urica also claims to have called 911 a second time because the Officers needed help, but there is no recording or proof of the second call. (4 RR at 108-109). Officers concur it was mere seconds from the time the door flung open to the firing of his gun. (4 RR at 149, 154, 183). Officer Gromyko testified there was no time to reflect. (4 RR at 184). Officer Woods fired his gun shooting Appellant twice. (4 RR at 135, 174). He had never shot anyone before. Appellant fell down the stairs. (4 RR at 138, 174). Neither Officer sustained any injuries. (4 RR at 158, 187).

Officer Gromyko testified he thinks he saw Appellant on the balcony looking at them when they first arrived; however, defense counsel pointed out this was nowhere in the offense report supplements or their sworn statements. (4 RR at 190, 192; 5 RR at 24).

## SUMMARY OF THE ARGUMENT

8

In Appellant's only issue, he complains that without a warrant or consent Officer Smith illegally searched his vehicle. Officer Smith's testimony merely states a legal conclusion and is insufficient to prove verbal consent was given. Evidence obtained through this illegal search is in violation of the Fourth Amendment protections and should have been suppressed.

## ARGUMENT

**ISSUE ONE: THE TRIAL COURT ERRED IN DENYING APELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE THE EVIDENCE IS INSUFFICIENT TO ESTABLISH APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

**ISSUE TWO: THE EVIDENCE IS INSUFFICENT FOR A RATIONAL JURY TO FIND BEYOND A REASONABLE DOUBT APPELLANT KNEW THE OFFICERS WERE PUBLIC SERVANTS.**

**THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION**

### *STANDARD OF REVIEW*

Challenging the trial court's ruling on directed verdict is a challenge to the legal sufficiency of the evidence to support the conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Appellate courts review both legal and factual sufficiency challenges using the same standard of review. *Brooks v.* State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing sufficiency of the evidence, appellate courts examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The factfinder is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi*, 330 S.W.3d at 638; *Brooks v. State*, 323 S.W. 3d 893, 899 (Tex. Crim. App. 2010).

It is the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, the reviewing court presumes that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

### APPLICABLE LAW

A person commits an assault if he intentionally or knowingly threatens another with imminent bodily injury. Tex. Penal Code Ann. § 22.01(a)(2) (2011). The offense is elevated to an aggravated assault if the person uses or exhibits a deadly weapon during the commission of the assault. Tex. Penal Code Ann. § 22.02(a)(2).

Aggravated assault is punishable as a first-degree felony if the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.02(b)(2)(B). The statute creates a presumption that an accused knew that the person assaulted was

a public servant if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant. Tex. Penal Code Ann. § 22.02(c).

### ANALYSIS

Due process requires the State to prove beyond a reasonable doubt every element of the crime charged. *Jackson*, 443 U.S. at 313. The State was required to prove beyond a reasonable doubt Appellant knew Officer Gromyko and Officer Woods were public servants at the time of the offense. *See* Tex. Penal Code Ann. § 22.02(b)(2)(B). However, viewing all of the evidence in the light most favorable to the prosecution a rational trier of fact could not have found this element beyond a reasonable doubt.

In *McDaniel v. State*, this court found the evidence was legally sufficient to support the defendant's conviction where his argument implied that he did not know he was pointing a gun at police officers. M*cDaniel v. State*, No. 01-11-00107-CR, 2012 Tex. App. LEXIS 406, 2012 WL 151465 (Tex. App. – Houston [1ˢᵗ Dist.] January 19, 2012, pet. ref'd) (mem. Op. not designated for publication). The Houston Police Department was called to a weapons disturbance at an apartment. (*Id.* at 1). Three Officers arrived in uniform to speak to the reportee that stated his roommate had locked him out of the apartment after threatening him with a gun. (*Id.*). It was approximately midnight, but all three officers testified there was enough light outside

11

the apartment for the defendant to see their uniforms. (*Id. at 2*). They further testified they knocked forcefully on the door and loudly announced Houston Police Department three times with a total of 9 knocks when the defendant opened door with a gun in hand. (*Id.*). Officers told him to drop the weapon and when the defendant pointed it at them they tackled the defendant and subdued with force. (*Id.*).

Although a similar scenario, this case differs. Houston Police Department was likewise dispatched to an apartment where Appellant's wife was claiming to have been locked out, but there was no mention of weapons. Officer __ testified he never knocked on the door or announced police. Officer __ testified it was dimly lit and missing a light. No testimony from Officers that knife was pointed at them and never told him to throw it down. Officers subdued Appellant with force by shooting him multiple times.

In this case, Appellant

In *Villa* v. *State*, the fifth court of appeals found a rational trier of fact could have found the appellant knew an officer was a public servant when they executed a

"no knock" search warrant at the residence. The court found (1) each officer wore uniforms emblazoned with the word "police" in large letters, (2) officers repeatedly and continually identified themselves as officers, and (3) there was a live feed television monitor in the bedroom where appellant was located, where one could see outside. *Villa v. State*, No. 05-10-00584-CR, 2011 Tex. App. LEXIS 10190, 2011 WL 6848392, at * (Tex. App. – Dallas 30, 2011, no pet.) (mem. Op. not designated for publication).

Viewing all of the evidence in the light most favorable to the prosecution, giving full play to the responsibility of the trier of fact to resolve conflicts of testimony, to weight the evidence, and draw reasonable inferenseces from basic facts to ultimate facts a rational jury could not have found BRD that D…

The jury could not have rationally inferred…

The necessary inferences are not reasonable based upon the combined evidence when viewed in light most favorable to the verdict.

**The jury could not have rationally inferred…**

*Hamilton v. State*, 2007 Tex. App. LEXIS 1559, 2007 WL 624700 (Tex. App. – Houston [1ˢᵗ Dist.] March 1, 2007, pet. ref'd) (mem. Op. not designated for publication).

-notes the presumption (page 13)

-arrived in marked patrol cars, wearing HPD uniforms, officer testified lighting in the hallway was sufficient for shooter to see and believed shooter knew he was a police officer. (page 14)

-HPD dispatched to residence for home invasion in progress (p. 4)

## PRAYER

Appellant prays this Court to reverse the conviction and remand the case to the trial court for entry of an order of acquittal. TEX. R. APP. PROC. 44.2.

Respectfully submitted,

 s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**
4301 Yoakum Boulevard
Houston Texas 77006
Phone: (713) 529-8500
Fax: (713) 453-2203
TBN 24054176

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following address:

Alan Curry
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Suite 600
Houston, Texas 77002-1923

 s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**

## CERTIFICATE OF COMPLIANCE

15

I certify that this computer-generated document has a word count of 2, 608 words, based upon the representation provided by the word processing program used to create the document.

<u>**s/Tonya Rolland McLaughlin**</u>
**Tonya Rolland McLaughlin**